**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**ROCK HILL DIVISION**

| | | |
|---|---|---|
| 4 Amigos, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:10-00112-CMC -JRM |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Bueno, LLC; Rock Hill Cherry Bueno, LLC; KMO Restaurant Venture I, LLC; KMO Development Group, Inc.; Gregory D. Owens; Bruce G. Bolzle Revocable Trust; and Starnes Foods, Inc., | ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

This case involves a commercial real estate lease for property located in Rock Hill, South Carolina. Plaintiff, 4 Amigos, LLC ("4 Amigos"), originally filed this case in the Court of Common Pleas for York County. Defendants, Carolina Bueno, LLC ("Carolina Bueno"), Rock Hill Cherry Bueno, LLC ("Rock Hill Bueno"), KMO Restaurant Venture I, LLC ("KMO Restaurant"), Gregory D. Owens ("Owens"), and Bruce G. Bolzle Revocable Trust ("Bolzle Trust") (collectively "the Removing Defendants") removed the case to this Court on January 14, 2010. The Removing Defendants filed an Answer containing a counterclaim against 4 Amigos, and a cross-claim against Starnes Foods, Inc.[1]  On June 10, 2010, the Honorable Cameron M. Currie, United States District Judge, granted the motion of counsel for the Removing Defendants to withdraw and stayed the case

---

[1] Starnes Food did not file an Answer and default was entered against it on June 25, 2010.

1

until July 9, 2010, to allow the Removing Defendants to retain new counsel. The Removing Defendants, except Owens, were given notice that if counsel failed to appear they would be held in default. Counsel did not appear, and Carolina Bueno, KMO Restaurant, KMO Development and Bolzle Trust were placed into default on July 22, 2010. At that point, Owens, the sole remaining active Defendant, became *pro se* and the case was referred to the undersigned for pretrial purposes pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(e), D.S.C.

4 Amigos filed a motion for summary judgment against Owens on August 8, 2010 on its claim that Owens is liable for certain rents due under the lease because of his personal guaranty, and on the Removing Defendants' counterclaim against 4 Amigos for "business defamation." 4 Amigos filed a certificate of service showing that it served Owens with a copy of the motion for summary judgment at an address in Tulsa, Oklahoma. Because Owens is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 23, 2010, advising him of his responsibility to respond to the motion for summary judgment. Owens has not responded.

## **Standard for Summary Judgment**

A party's failure to respond does not automatically entitle the moving party to summary judgment. As the Fourth Circuit stated in Custer v. Panamerican Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993),

> failure to respond, however, does not fulfill the burdens imposed on moving parties by Rule 56. Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitled the party to "a judgment as a matter of law." The failure to respond does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before

2

> it whether the moving party is entitled to summary judgment as a matter of law.

Under this standard, the court is required to conduct an independent examination of the record to ascertain the existence, or absence, of genuine issues of material facts. Campbell v. Hewitt, Coleman & Assoc., Inc., 21 F.3d 52 (4th Cir. 1994). In this regard, the court must review the "record of filed depositions, answers to interrogatories, admissions, and affidavits" to determine whether there are material facts in dispute. *Id.* at 55-56. The moving party may discharge its duty by producing uncontroverted evidence and by arguing that there "is an absence of evidence by which the nonmovant can prove his case." Cray Communications, Inc., v. Novatel Computer Sys., Inc., 33 F.3d 390, 393-94 (4th Cir. 1994), (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 10 (2d ed. Supp. 1994), *cert. denied*, 513 U.S. 1991 (1995).

## Discussion

### 1. 4 Amigos Claim Against Owens

The complaint alleges the default of a somewhat complex commercial lease of a property used for a restaurant. 4 Amigos alleges that it purchased the property in July of 2007, and became landlord pursuant to assignment of the lease. Further, 4 Amigos alleges that Owens was a personal guarantor of the lease payments. The present litigation was filed after alleged default of the lease payments. 4 Amigos is attempting to hold Owens personally responsible as a guarantor of the lease and has moved for summary judgment.

The complaint alleges with respect to the guaranties:

> 37.   In order to induce 4 Amigos to purchase the Premises and to accept assignment of the Lease, Owens and the Trust each gave personal and individual guranties, guaranteeing Carolina Bueno's performance of

>   the Lease during the first five years of the Lease Terms.
>
> 38. By reason of the guaranties, Owens and the Trust are personally and individually liable to 4 Amigos for damages, attorneys fees and costs of this action, subject [to] the terms and limitations of their guaranties.

(Complaint, ¶¶ 37 and 38).

These allegations were denied by Owens. (Answer, ¶¶ 37 and 38).

Alternatively 4 Amigos alleged:

> 40. In the event either Owens or the Trust did not actually execute their written guaranty, both Owens and the Trust provided unexecuted drafts of their guranties to 4 Amigos and represented that the guranties would be executed at closing.
>
> 41. 4 Amigos reasonably relied upon the assurances of Owens and the Trust in closing its purchase of the Premises and accepting assignment of the Lease.
>
> 42. By reason fo the foregoing, Owens and the Trust are estopped from denying the existence of their guranties, or their liability as a result of the guranties.

(Complaint, ¶¶ 40-42).

In response to these allegations, the Answer states:

> 40. It is admitted that Defendants, Owens and Revocable Trust, agreed to execute limited personal guarantees of Defendant's, Carolina Bueno, obligations under the Lease. It further is admitted upon information and belief that unexecuted drafts of personal guarantees for Defendants, Owens and Revocable Trust, were given to Plaintiff. However, except as expressly admitted herein, the allegations contained in Paragraph 40 of the Complaint are denied.
>
> 41. The allegations contained in Paragraph 41 of the Complaint are denied for lack of knowledge.
>
> 42. The allegations contained in Paragraph 42 of the Complaint state a legal conclusion to which no response is required. However, to the extent a response is required, the allegations contained in Paragraph 42 of the Complaint are denied.

(Answer ¶¶ 40-42).

Owens admits furnishing 4 Amigos with an unexecuted copy of the guarantee and a financial statement. There is little evidence in the record. Owens' financial statement and a copy of the unexecuted and undated "Lease Guaranty" are attached to an affidavit of Mark Peterson filed in support of 4 Amigos' motion for summary judgment. Also attached to the affidavit is an email dated April 4, 2007, which states in part that "(t)he Guranties will be executed at closing." Since the original lease between Rock Hill Bueno and Carolina Bueno is dated September 1, 2006, the undersigned assumes the closing referred to in the email is the closing whereby 4 Amigos acquired the property.

Generally, a claim based on an unsigned contract would be problematic as a possible violation of the Statute of Frauds. However, the Statue of Frauds is an affirmative defense which must be specifically pled or it is waived. *See* Rule 8(c), S.C.R.Civ.P. and Rule 8(c) Fed.R.Civ.P. Owens did not raise a violation of the Statute of Frauds in his answer. Therefore, based on this omission, the unsigned guaranty, and the affidavit of Peterson, the undersigned concludes that 4 Amigos' claim on the guaranty is actionable. Owens has not responded to 4 Amigos' motion for summary judgment. Therefore, 4 Amigos is entitled to summary judgment on this claim.

### 2. Removing Defendants' Claim Against 4 Amigos

The Removing Defendants allege a counterclaim against 4 Amigos for "business defamation." They allege that 4 Amigos claims that they have "engaged in improper and wrongful conduct, including misrepresentation and unfair trade practices." They Further allege that these allegations were published by 4 Amigos with actual or implied malice and that 4 Amigos knew the claims to be false. 4 Amigos has moved for summary judgment on this claim. (Answer, ¶ 80).

An affidavit of W. Keith Martens, Esquire, attorney for 4 Amigos, states that the Removing Defendants have not disclosed the identity of any witness with discoverable information to support their claims and defenses, nor have they disclosed a computation of damages as required by Rule 26(a)(1) and the Court's scheduling order filed January 15, 2010. The affidavit further states that the Removing Defendants, including Owens, were served with document production requests seeking documents they intended to introduce at trial. 4 Amigos received no response.

4 Amigos argues that it is entitled to summary judgment because the Removing Defendants have not come forward with any evidence to support its claim. In Cray Communications, Inc. v. Novatel Computer Systems, Inc., the Fourth Circuit affirmed the granting of summary judgment on a counterclaim in similar circumstances. Citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986), the court held that the failure of the non-moving party to come forward with evidence to support each element of its counterclaim in accordance with Rule 56, entitled the moving party to summary judgment. Cray Communications, 33 F.3d at 394.

The Removing Defendants have had the full opportunity to develop evidence to support their counterclaim pursuant to the Court's scheduling order. They have produced no evidence in support of their counterclaim. Owens is the only Removing Defendant who is not in default. Therefore, 4 Amigos' motion for summary judgment with respect to the counterclaim should be granted.

## **Conclusion**

Based on a review of the record and the above discussion, it is recommended that Plaintiff's

motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 26, 2011

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).