**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| 4 Amigos, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:10-00112-CMC |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Bueno, LLC; Rock Hill Cherry Bueno, LLC; KMO Restaurant Venture I, LLC; KMO Development Group, Inc.; Gregory D. Owens; Bruce G. Bolzle Revocable Trust; and Starnes Foods, Inc., | ) ) ) ) ) ) ) ) ) | **OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on January 26, 2011. Dkt. No. 50. For the reasons set forth below, the Report is adopted, and Plaintiff's motion for summary judgment is granted in full. This ruling resolves all issues of liability but leaves the matter of damages for further proceedings.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court

1

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As set forth in greater detail in the Report, Plaintiff initiated this action in state court seeking recovery relating to a commercial real estate lease. The matter was removed to this court on joint application of five of the six Defendants who then answered, counterclaimed, and asserted a cross-claim against the sixth Defendant, Starnes Foods, Inc. ("Starnes Foods"). No appearance has ever been entered on behalf of Starnes Foods which was placed in default on June 25, 2010. The remaining Defendants other than Gregory D. Owens were placed in default on July 22, 2010, as a result of their failure to retain replacement counsel after their attorneys were allowed to withdraw. Plaintiff's motion for summary judgment, therefore, relates solely to the claim against Owens and any counterclaim(s) which may survive, whether asserted by Owens or his defaulted co-Defendants.[1]

Owens failed to respond to Plaintiff's motion for summary judgment despite notification of the motion's significance and the serious consequences of failing to respond. Based on the resulting record, the Report recommends that Plaintiff's motion be granted in full. Specifically, it recommends that summary judgment be granted as to liability on the claim against Owens personally (holding him liable for rents due under the lease in light of his personal guaranty) and on the counterclaim for

---

[1] The remaining Defendants' defaults arguably disposed of any counterclaims which those Defendants had previously asserted. To the extent not disposed of by virtue of default, the counterclaims are addressed by Plaintiff's motion and resolved by this order.

2

"business defamation" asserted by Owens and/or his co-Defendants.

The parties were advised of their right to object to the Report. Despite passage of the time to do so, no objection has been filed. This court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the rationale and recommendation of the Report and grants Plaintiff's motion in full.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion for summary judgment, resolving all issues of liability not already resolved by default.[2] This does not, however, end the matter as the complaint does not seek a sum certain and the motion for summary judgment did not address the issue of damages. Wherefore, Plaintiff is directed to file a motion no later than March 16, 2011, either requesting a hearing on damages or seeking summary judgment on that issue.[3]

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2011

---

[2] As noted above, Defendants other than Gregory D. Owens are in default. This default resulted in resolution, in Plaintiff's favor, of all claims asserted against or by those Defendants.

[3] No party appears to have made a jury demand. The court shall, therefore, resolve any evidentiary issues relating to damages in a non-jury hearing.

3