**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| 4 Amigos, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:10-00112-CMC |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Bueno, LLC; Rock Hill | ) | |
| Cherry Bueno, LLC; KMO | ) | |
| Restaurant Venture I, LLC; KMO | ) | **OPINION AND ORDER** |
| Development Group, Inc.; Gregory | ) | **ON MOTION FOR DAMAGES** |
| D. Owens; Bruce G. Bolzle | ) | **AND SUMMARY JUDGMENT** |
| Revocable Trust; and Starnes | ) | |
| Foods, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion to determine damages by summary judgment and for an award of attorneys' fees and costs. Dkt. No. 57. At the time this motion was filed, liability had already been determined adversely to all Defendants either on motion for summary judgment (Defendant Gregory D. Owens ("Owens")) or by default (all other Defendants).[1]

After the motion was filed, counsel appeared on behalf of Owens. After a consensual stay, the claims against Owens were resolved by confession of judgment. This order does not, therefore, determine damages as to Owens. The court does, however, consider the damages claims against

---

[1] The earlier summary judgment motion addressed Owens' liability under a guaranty as well as a counterclaim asserted against Plaintiff by all Defendants other than Starnes Foods, Inc. ("Starnes Foods"). Dkt. No. 44. The order granting that motion held Owens liable on the guaranty and granted summary judgment to Plaintiff on the counterclaim. Dkt. No. 45 By virtue of their default, all other Defendants are held liable on all claims asserted against them. *See infra* Election of Remedies (listing causes of action and indicating which are asserted against which Defendants).

1

Owens to the extent those claims aid the court in determining whether Plaintiff has elected remedies as to other Defendants. *See infra* Election of Remedies.

For the reasons set forth below, the motion is granted in part, and the court awards damages of $973,706.06 jointly and severally, against Defendants Carolina Bueno, LLC ("Carolina Bueno"), Rock Hill Cherry Bueno SC, LLC ("Cherry Bueno"), KMO Restaurant Venture I ("KMO Restaurant"), LLC., and KMO Development Group, Inc. ("KMO Development") under Plaintiff's claim for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). In addition, the court awards damages in the amount of $385,868.06 against Defendant Bruce G. Bolzle Revocable Trust ("Bolzle Trust") by reason of its limited personal guaranty. Finally, the court awards attorneys' fees and costs in the amount of $10,000 jointly and severally against these Defendants. The court declines to award treble or punitive damages against any Defendant. *See infra* Treble and Punitive Damages.[2]

**Waived and Resolved Claims.** Plaintiff concludes its memorandum by asking the court to determine damages based on the written submissions, holding a hearing only if the "court determine[s] that questions of fact exist regarding the extent of Plaintiff's damages," and to enter final judgment. Dkt. No. 57-1 at 8. Based on this request, the court concludes that Plaintiff has waived pursuit of any damages not referenced in or supported by the memorandum and attachments.

Plaintiff filed the present motion on March 16, 2011. Although the motion purports to seek an award of damages from all Defendants and asks that judgment be entered on the award, Plaintiff

---

[2] The same damages (and in some instances attorneys' fees) are, alternatively, available against some of the Defendants under other causes of action. However, for reasons discussed below, the court concludes that Plaintiff has elected to seek recovery only under the guaranty as to the Bolzle Trust and only under the SCUTPA as to other Defendants. *See infra* Election of Remedies.

2

does not include Defendant Starnes Foods, Inc. ("Starnes Foods") in any demand for relief. *See* Dkt. No. 57-1 at 6-8. Neither is there any indication the motion was served on Starnes Foods. The court, therefore, concludes that Plaintiff has waived any claim for damages against Starnes Foods and, instead, proceeds solely against the remaining Defendants, referred to herein as the "KMO-Bueno Defendants."[3]

Further, as noted above, the claims against one of the KMO-Bueno Defendants, Owens, were resolved by confession of judgment after the motion was filed. This order, therefore, addresses only the claims against the KMO-Bueno Defendants other than Owens.

**Prior Representation and Service of Motion.** This action was removed to federal court by the KMO-Bueno Defendants. At the time of removal, these Defendants were jointly represented by a single attorney. That attorney subsequently sought and was granted leave to withdraw without opposition from his clients. *See* Dkt. No. 23-1 (motion to withdraw). All of the KMO-Bueno Defendants other than Owens were subsequently held in default because they failed to retain replacement counsel.[4]

As the KMO-Bueno Defendants were without legal representation at the time of filing of the motion, they could not be served through the court's electronic system. For this reason, Plaintiff served them with the present motion by mail. This service is reflected in a certificate of service attached to the motion which states service was made on the following:

---

[3] The four LLC and one corporate Defendant within this group are related Oklahoma entities "under the common ownership and control" of the remaining two Defendants in the group: Owens and the Bolzle Trust. Dkt. No. 57-1 at 2-3.

[4] In granting the motion to withdraw, the court allowed a period of 30 days for these Defendants to obtain replacement counsel. This period was allowed, in part, because all of the KMO-Bueno Defendants other than Owens are legal entities, rather than individuals, and consequently, may not proceed without counsel. *See* Dkt. No. 25 (order); Dkt. No. 33 (request for entry of default as to non-individual Defendants after they failed to obtain counsel within the prescribed period). Of these Defendants, Owens is now represented. The rest remain unrepresented.

>Gregory D. Owens
>1644 E. 29th St.
>Tulsa, OK 74114-5306
>
>Charles Holladay
>KMO Development Group, Inc.
>624 South Boston, Suite 400
>Tulsa, OK 74119

Dkt. No. 57-4 at 1 (certificate of service).

Although only one of the entity Defendants is referenced in this certificate, the address used for that entity (KMO Development) corresponds with the address given by former counsel, upon his withdrawal, for all of the KMO-Bueno Defendants.[5] Dkt. No. 23-1 at 2 (motion); Dkt. No. 25 (order). The motion itself indicates it is directed to "All Defendants."[6]

Despite the pendency of this motion on the docket for an extended period of time, the service as shown above, no objection to the adequacy of service has been made. The court will, therefore, presume for purposes of this order that the service was adequate as to all of the KMO-Bueno Defendants.[7]

**Election of Remedies.** Because Plaintiff has failed to make an express election of remedies, the court must either delay entry of judgment until Plaintiff has done so or must infer an election from Plaintiff's arguments and related damage demands. In this case, the court takes the latter

---

[5] The certificate of service includes Charles Holladay ("Holladay") as an additional addressee. The court assumes from this that Holladay may act as agent for one or more of the KMO-Bueno Defendants, although this information is not known to the court and is not a basis for the determination that Plaintiff has made a prima facie showing of service.

[6] Because he is proceeding *pro se* and is not in default, the court also served Defendant Owens with a separate order advising him of the significance of the motion and allowing him additional time to respond. Dkt. No. 59 (*Roseboro* Order). Service on Owens is not, however, an issue in light of his subsequent confession of judgment.

[7] The court makes no final determination as to the adequacy of service of the present motion. This leaves the issue for resolution if challenged upon an attempt to enforce the judgment.

course as the joint and several relief requested can only be awarded under specific claims.

Plaintiff has asserted a total of seven causes of action. These causes of action and the Defendants against which/whom they are asserted are as follows:

1. Breach of lease and sublease – asserted against Defendants Carolina Bueno, LLC and Starnes.[8]

2. Ejectment – asserted against Defendants Carolina Bueno, LLC and Starnes.

3. Action on Guaranties – asserted against Defendants Owens and the Bolzle Trust;

4. Estoppel to Deny Guaranties – asserted against Defendants Owens and the Bolzle Trust;

5. Negligent misrepresentation (relating to the sale) – asserted against KMO Development Group, Inc., Owens and the Bolzle Trust;

6. Unfair Trade Practices Act (for inducing the sale) – asserted against all Defendants;

5. Alter Ego/Amalgamation – asserted against KMO Development Group, Inc., for the purpose of holding it liable for alleged wrongs by Carolina Bueno, LLC, Rock Hill Cherry Bueno SC, LLC, and KMO Restaurant Venture I, LLC.

In light of waivers addressed in preceding sections of this order, these causes of action might support damage awards as follows: (1) the first (breach of lease) may directly support a damage award against one Defendant (Carolina Bueno), though Defendant KMO Development might also be derivatively liable for damages under this cause of action in light of the sixth (alter ego) cause of action; (2) the third (breach of guaranty) may support a damage award against two Defendants (Owens and the Bolzle Trust -- limited to the amount of their guaranties)[9]; (3) the fifth (negligent

---

[8] For reasons set forth above, the court concludes that Plaintiff has waived any claim for damages against Starnes Foods.

[9] As noted above, the court considers the claims against Owens in this section, despite his
(continued...)

5

misrepresentation) could, theoretically, support a damage claim against Defendant KMO Development, Owens and the Bolzle Trust; and (4) the sixth (SCUTPA) may support an award of damages against the KMO-Defendants other than Owens and the Bolzle Trust. Given the amounts and categories of damages[10] demanded as to the two subgroups of Defendants (Owens and the Bolzle Trust forming one subgroup and the remaining KMO-Bueno Defendants forming the other), and the ability to hold all Defendants within that group jointly and severally liable, the court concludes that Plaintiff has elected to proceed against the Owens-Bolzle Trust subgroup under their guaranties (third cause of action)[11] and against the remaining KMO-Bueno Defendants under the SCUTPA claim.[12]

---

[9](...continued)
confession of judgment, for the purpose of determining whether Plaintiff's motion evidences an election of remedies.

[10] The categories of damages demanded include attorneys' fees. Attorneys' fees are potentially available under the first (breach of lease), third (breach of guaranties), and sixth (SCUTPA) causes of action. As noted above, however, the first cause of action would, at most, reach two Defendants within a group of four which Plaintiff seeks to hold jointly and severally liable for attorneys' fees.

[11] Plaintiff's demand for damages from Defendants Owens and Bolzle Trust is limited to liability "by reason of their personal guaranties." Dkt. No. 57-1 at 7. Thus, the pursuit of damages against these Defendants is limited to a claim for relief on the guaranties, a claim asserted solely against these two Defendants.

[12] In its supporting memorandum, Plaintiff refers to joint and several liability of Carolina Bueno, Cherry Bueno, KMO Restaurant, and KMO Development (for unspecified claims) based on their common ownership and control. Dkt. No. 57-1 at 5. The cited paragraphs of the complaint are found in the fifth, "alter ego," cause of action. This cause of action is, however, only asserted against KMO Development and seeks to hold it liable for the acts of the three other (subsidiary) entities. Thus, this cause of action does not support joint and several liability of these four Defendants. In contrast, the SCUTPA claim is asserted against all Defendants other than Starnes and, consequently, would support joint and several liability.

Plaintiff also refers to the lease and liability on the lease in its motion. This could refer to the first cause of action for breach of the lease. That cause of action is asserted only against Carolina Bueno and Starnes. Liability under this claim might also be extended to KMO Development under the fifth (alter ego) cause of action, but would not reach Cherry Bueno and
(continued...)

6

Based on the above, the court concludes that Plaintiff waived any claim from damages from Starnes, elected to seek damages from the Bolzle Trust (and Owens) solely under the guaranties, and elected to seek damages from all other Defendants solely under the SCUTPA claim. The court further finds the failure to address treble damages beyond the single reference in the motion itself waives any entitlement to the same under the SCUTPA claim.

## STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (as amended December 1, 2010). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

---

[12](...continued)
KMO Restaurant as to which Plaintiff seeks to impose joint and several liability. Thus, the references to the lease appear to be intended as an explanation of the basis for the SCUTPA damages calculation, rather than seeking relief expressly on the lease.

7

**DISCUSSION**

Plaintiff seeks a determination of damages and an award of attorneys' fees and costs through the present motion. The claim for damages is supported by an affidavit setting forth the basis of Plaintiff's damages calculation in detail and further supported by attachment of the underlying leases. Dkt. No. 57-2.[13] The request for fees is supported by a brief affidavit of one of the attorneys who has represented Plaintiff in this matter. No Defendant has filed any memorandum or offered any other form of opposition to Plaintiff's motion for damages, attorneys' fees and costs, although an attorney did appear on behalf of Owens as to whom a confession of judgment has now been entered.

**Damages.** The damages at issue arise from Plaintiff's purchase of a commercial property from KMO Development Group, Inc. ("KMO"), one of the KMO-Bueno Defendants. The purchase price was over $1.4 million. Plaintiff's decision to purchase the property was based largely on representations that the property was occupied by an operating tenant which was bound by a twenty-year lease and that the lease was guarantied by two individuals with a high net worth (Owens and Bolzle). The seller, tenant(s), and guarantors are all KMO-Bueno Defendants.

The lease provided that, in the event of default, rent for the entire term would become due subject to a specified reduction for present value and a deduction of "the present fair rental value" of the property (also reduced to present value). Dkt. No. 57-1 at 3 (quoting Exhibit A to Sylvester Affidavit). The amount due over the twenty year term was $2,304,454. Exhibit B to Sylvester Affidavit.

Unfortunately, the tenant(s) (one or more KMO-Bueno Defendants) ceased operations and

---

[13] Although the guaranties are not attached to the present motion, an unsigned copy was filed in support of the motion for summary judgment with respect to Owens. The guarantor Defendants have, in any event, defaulted as to both the claims on the guaranties and a claim estopping them from denying their obligations on the guaranties.

8

abandoned the property within a few months of Plaintiff's purchase. As a result of subsequent negotiations, some portion of the past-due rent was paid ($29,560.04) in September 2008 by one or more of the KMO-Bueno Defendants. In total, Plaintiff received only $143,881.13 under the lease. In the spring of 2009, KMO identified Starnes Foods as a suitable subtenant. Plaintiff agreed to the sublease but, ultimately, received only one rent check from Starnes Foods and that check bounced. Plaintiff, thereafter, terminated the lease and commenced the present action.

At the time the lease was terminated, $191,231.06 in accrued and unpaid rent, taxes, expenses, interest and late fees was due. Sylvester Aff ¶ 9. Plaintiff has calculated that the amount due for the remainder of the term, subject to reduction to present value and offset for present rental value, is $782,475. *See* Sylvester Aff. ¶17. Based on these calculations, Plaintiff seeks a total of $973,706.06 in damages from Defendants Carolina-Bueno, Cherry-Bueno, KMO Restaurant, and KMO Development. For reasons addressed above, the court concludes that these damages are pursued under the SCUTPA claim.[14] As no opposition has been filed challenging either the availability or amount of these damages, the court finds them a proper measure of damages under the SCUTPA claim and awards the same against these four Defendants.[15]

Of the above amounts, Plaintiff calculates that the guaranty by the Bolzle Trust covers $385,868.06. *See* Sylvester Aff. ¶20. Plaintiff, therefore, seeks an award of damages in this amount from this Defendant. As no opposition has been filed challenging either the availability or amount

---

[14] The same damages would be available against Carolina Bueno under the first cause of action for breach of the lease and possibly KMO Development under the fifth cause of action for alter ego liability. As explained above, however, the pursuit of joint and several liability against Cherry Bueno, KMO Restaurant, and these two Defendants convinces the court that Plaintiff is proceeding under the SCUTPA claim which is the only claim under which all four might be held jointly liable.

[15] For reasons addressed below, the court declines to award treble damages under the SCUTPA cause of action.

9

of these damages, the court finds them a proper measure of damages under the guaranty and awards the same against the Bolzle Trust.[16]

**Treble and Punitive Damages.** In a single reference in its motion, Plaintiff asks the court to "consider awarding treble damages under the South Carolina Unfair Trade Practices Act and/or an appropriate award of punitive damages under Plaintiff's claim of fraud." Dkt. No. 57 at 2. Plaintiff does not mention treble or punitive damages again in the motion or supporting memorandum. This failure to further address the request suggests a waiver. Even if not waived, the court declines to award treble or punitive damages given Plaintiff's failure to offer supporting argument.

The request for punitive damages is denied for two additional reasons. First, the court will not award punitive damages on a summary judgment motion.[17] Second, the request for punitive damages is founded on a claim which is not plead: fraud. The complaint does include a claim for negligent misrepresentation (fifth cause of action) which includes a demand for punitive damages. Dkt. No. 1-1 ¶47. That claim is asserted against three Defendants: KMO Development, Owens, and the Bolzle Trust. *Id.* ¶44. Plaintiff's summary judgment motion, by contrast, appears to seek relief from Owens and Bolzle solely under their guaranties – and this is the only basis on which Owens has been held liable.

**Attorneys' Fees and Costs.** Plaintiff also seeks $29,875.73 in attorneys' fees and costs to be awarded jointly and severally against all Defendants. See Dkt. No. 57-3 (attorney affidavit). Attorneys' fees and costs are available under either the claim for breach of the lease (and related

---

[16] The same claim has been resolved as to Owens through his confession of judgment.

[17] As no jury demand has been made, the court presumes it could award punitive damages without a jury trial. This does not, however, mean that the court could award punitive damages without any evidentiary hearing.

10

guaranties)[18] or for violation of SCUTPA. *See* Sylvester Aff. Exhibit A at Art. 18 (lease provision authorizing fees and costs). For reasons explained above, the court concludes that Plaintiff is proceeding under the SCUTPA claim as to Defendants Carolina Bueno, Cherry Bueno, KMO Restaurant and KMO Development and under the guaranty, with incorporated terms of the guarantied lease, as to the Bolzle Trust. Based on this conclusion, the court finds that Plaintiff is entitled to an award of attorneys' fees against all of the KMO-Bueno Defendants to which this order is directed.

The court does not, however, find the petition for fees and costs to be adequately supported. The four paragraph affidavit submitted in support of the request for attorneys' fees and costs identifies the firm involved, indicates multiple attorneys and paralegals worked on the file, provides a range of rates for these professionals (from $110 through $120 for paralegals and $145 to $300 for attorneys), and states a total amount of fees and costs billed on the file ($26,375.73) as well as an estimate of an additional amount which will likely be incurred before final judgment is entered ($3,500). A limited amount of additional information is provided as to the signatory attorney, specifically his years in practice (since 1995), bar admissions (South Carolina, District of South Carolina, and Fourth Circuit Court of Appeals), billing rate ($250 per hour) and area of concentration (commercial and financial services litigation). There is no indication of the number of hours billed, by whom the hours were billed, at what rate, or for what purpose. Neither is there any support for the reasonableness of the rates or other factors routinely considered in making

---

[18] The complaint alleges that attorneys' fees and costs are recoverable under the guaranties. Dkt. No. 1-1 ¶38. Thus, by virtue of its default, the Bolzle Trust has admitted liability for attorneys' fees and costs. Further, by failing to respond to the present motion, the Bolzle Trust waived any right to argue that attorneys' fees and costs are not available remedies under its guaranty. While Owens is in much the same position by virtue of the earlier summary judgment ruling, his confession of judgment makes it unnecessary for the court to further address the claims against him.

11

awards of attorneys' fees.[19] Thus, the court will not award the amounts sought even though they are unopposed.

The court, nonetheless, finds that some award of fees should be made and, lacking either adequate support or opposition, concludes that fees of at least $10,000 would necessarily have been incurred in pursuing this action to this point, even using the statutory rate for counsel under the Equal Access to Justice Act which this court will use as a proxy for a minimal reasonable rate. 5 U.S.C. § 504(a)(2). The court, therefore, awards attorneys' fees and costs in the amount of $10,000. Defendants Carolina Bueno, Cherry Bueno, KMO Restaurant, and KMO Development are jointly and severally liable for this amount under the SCUTPA claim. Defendant Bolzle Trust is liable for this amount under the guaranty claim.

**Non Damages Remedies.** In addition to the damages remedies, the court finds Plaintiff is entitled to judgment (1) of ejection of Defendants Carolina Bueno, LLC and Starnes Foods (second cause of action) and (2) estopping the Bolzle Trust from denying enforceability of its guaranty (fourth cause of action).

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion for summary judgment,

---

[19] *See, e.g., Robinson v. Equifax Information Svcs, LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (stating that, in addressing a petition for attorneys' fees, a "court must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate"); The reasonable hours and rate are, in turn, determined by applying the twelve factors set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (discussing twelve factors used in determining what hours and rates are reasonable); *see also Grissom v. Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (reversing fee award, in part because "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do.").

and awards damages and attorneys' fees as follows: (1) jointly and severally against Defendants Carolina Bueno, Cherry Bueno, KMO Restaurant, and KMO Development actual damages in the amount of $973,706.06 under the SCUTPA claim (sixth cause of action); (2) against Defendant Bolzle Trust actual damages in the amount of $385,868.06 under the guaranty claim; (3) jointly and severally against all Defendants other than Starnes Foods and Owens attorneys' fees and costs of $10,000 (under the guaranty as to the Bolzle Trust and under the SCUTPA claim as to the remaining Defendants). Although the damage award against the Bolzle Trust is not joint and several with the damage award against the other Defendants, the basis of the award requires that payment of any portion of the judgment by either of the guarantors (whether Owens based on his confession of judgment or the Bolzle Trust based on this order) or remaining KMO-Bueno Defendants reduce the amount collectable from the other Defendants. No damages are awarded against Starnes Foods.

In addition, Plaintiff is entitled to judgment (1) of ejection of Defendants Carolina Bueno, LLC and Starnes Foods (second cause of action), and (2) estopping the Bolzle Trust from denying enforceability of its guaranty (fourth cause of action). Judgment shall also be entered in Plaintiff's favor on the defamation counterclaim asserted by the KMO-Bueno Defendants. *See* Dkt. No. 54.

IT IS SO ORDERED.

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
May 20, 2011